

Christopher B. Durbin
+1 206 452 8769
cdurbin@cooley.com

Via ECF

December 11, 2020

The Honorable John G. Koeltl
United States District Judge
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RE:   *Scheufele, et al. v. Tableau Software, Inc., et al.*, Case No. 1:17-cv-05753(JGK)

Dear Judge Koeltl:

As ordered by the Court during the hearing on November 30, 2020, the Parties provide this third joint status report regarding Defendants' progress toward completing all pending document productions and the status of Plaintiffs' supplemental discovery requests to Defendants and various non-parties.[1] As explained below, the Parties jointly submit that there are no issues at present that necessitate the Court's time or attention at a hearing. Accordingly, subject to the Court's consent, the Parties propose that the Court vacate the December 15 hearing.

## DEFENDANTS' REPORT

We again report substantial progress toward resolving every open discovery issue discussed during the previous hearing. *First*, we have completed our production of all responsive documents from the set of emails that were not successfully exported from Mimecast in 2019. *Second*, we have reviewed more than 220,000 potentially relevant emails that were not archived in Mimecast, we have made three rolling productions totaling approximately 48,000 documents, and we anticipate that we will be able to complete our production of responsive non-privileged documents by late January. *Third*, with respect to Plaintiff's Third Set of Requests for Production to Tableau ("3rd RFPs"), which seek information relating to discovery processes, we have completed our document collection and will commence our review as soon as the Parties have reached agreement on a final set of search terms.

In sum, we anticipate our merits-related document production will be substantially complete by the end of next month, at which point we are hopeful that most (if not all) discovery responsive to Plaintiff's non-party subpoenas and 3rd RFPs will also be nearing substantial completion. Thus, we are approaching the point at which the Parties will need to meet and confer regarding any supplemental merits discovery Plaintiff believes is warranted by Defendants' recent document productions. The Parties share the Court's desire to reach that point as quickly as possible, and to that end, the Parties jointly request that the Court set dates for a further status report and conference during the week of January 25.

    1.  **Emails that Were Not Exported from Mimecast in 2019 ("Mimecast Exports Issue").** As explained in previous filings and hearings, certain emails that we intended to collect in 2019 were excluded from the collection performed by our e-discovery vendor (TransPerfect) due to a technical "bug" (as

---

[1] The Parties previously reported to the Court regarding these and other discovery issues in their previous joint status reports (ECF 156, 160; *see also* ECF 150, 151, 152).

Cooley LLP   1700 Seventh Avenue   Suite 1900   Seattle, WA   98101-1355
t: (206) 452-8700  f: (206) 452-8800  cooley.com



Hon. John G. Koeltl
December 11, 2020
Page Two

Mimecast describes it) that appears to have (1) excluded emails from searches TransPerfect performed in Tableau's Mimecast system to identify batches of email for exporting, and (2) caused some emails that did appear in TransPerfect's searches to fail to export out of Tableau's Mimecast system. As previewed in our last status report, we served a privilege log and completed our final production on December 4. It remains our understanding, based on the information provided by Mimecast and TransPerfect, that the approximately 113,000 documents we reviewed and the approximately 44,000 we have now produced represent the entire universe of responsive documents we intended to and would have reviewed and produced in 2019 were it not for the Mimecast bug.

**2. Pre-Class-Period Emails Not Archived in Mimecast ("Mimecast Implementation Date Issue").** As described in prior status reports and hearings, Mimecast did not contain all of the emails we believed it did, and that we had agreed to collect, for the "pre-Mimecast" date range of February 2014 to February 2015. We have made substantial progress since the November 30 hearing toward completing our review and production of pre-Mimecast emails, including having reviewed more than 220,000 documents (with approximately 65,000 currently in queue for review) and produced approximately 48,000 documents in three rolling productions thus far, with a fourth rolling production expected early next week.

TransPerfect is continuing to extract, process, and de-duplicate large volumes of email from the non-Mimecast sources we identified in our prior reports—including Tableau-issued laptops and/or external hard drives, email collected from Outlook mailboxes or archives, back-up data for certain laptop folders known as "CrashPlan," and email archives backed up from Tableau's shared-drive network—and has been batching the extracted email to us for review on a rolling basis. We previously estimated that TransPerfect would be able to complete the extraction, processing, and de-duplication for all of the collected data sources this week. TransPerfect has completed those processes for all but six sources (two laptops and four O365 email accounts), which we expect they will be able to finish next week. We will then know the volume of email TransPerfect has been able to extract from those sources for our review, which could range from several thousand to upwards of 200,000 additional emails to be reviewed. Nonetheless, we have made sufficient progress in our review and production to estimate that we will be substantially complete with our production of non-privileged responsive documents by late January.[2]

**3. Plaintiff's Non-Merits Discovery Requests.**[3] As referenced in our prior status report, Plaintiff served its 3rd RFPs on October 9, Tableau served its responses and objections to those RFPs on November 10, and the Parties reached agreement on the scope of Tableau's document collection (sources, date ranges, and custodians). We requested that Mimecast export the email on November 20 and TransPerfect received the completed collection from Mimecast on December 1. TransPerfect finished converting the email on December 7 and completed the processing and de-duplication on December 10. TransPerfect has run our preliminary search terms across the de-duplicated collection, and we will be reporting those results to Plaintiff on December 11. We will meet and confer with Plaintiff next week to

---

[2] We have kept Plaintiff informed of our progress since the November 30 hearing, including via a meet-and-confer on December 9. During that meet-and-confer, we also provided responses to Plaintiff's questions regarding the export logs from Tableau's internal Mimecast system, TransPerfect's email collection logs, and the impacts of the Mimecast "bug" on TransPerfect's email collection in 2019.

[3] Plaintiff's non-party subpoenas and 3rd RFPs generally encompass issues surrounding the sources, preservation, collection, review, and production of potentially relevant and responsive documents, as well as the identification and efforts to remedy incomplete collections and productions.



Hon. John G. Koeltl
December 11, 2020
Page Three

reach agreement on a final set of search terms, at which point we will immediately commence our review and begin rolling productions soon thereafter.

Plaintiff also served non-party subpoenas on Cooley LLP, TransPerfect, and Mimecast on October 6. Cooley has made three rolling productions to date, most recently on December 4, with a fourth and final production anticipated next week. Plaintiff and Cooley will then meet-and-confer regarding a date for a 30(b)(6) deposition. We also have continued to urge TransPerfect and Mimecast to work cooperatively with Plaintiff and complete their respective document productions as expeditiously as possible. To that end, as we have advised Plaintiff, we are currently conducting a pre-production privilege review of documents TransPerfect has identified as responsive to the subpoena. We are conducting this review as quickly as possible to enable TransPerfect to begin its own rolling productions next week.

#### PLAINTIFF'S REPORT

Plaintiff is continuing to review the documents that are being produced and is awaiting the production of additional documents from Defendants, as well as from TransPerfect and Mimecast. As previously noted, Plaintiff continues to reserve all rights regarding these productions and the surrounding issues.

Sincerely,

| COOLEY LLP | ROBBINS GELLER RUDMAN & DOWD LLP |
|---|---|
| */s/ Christopher B. Durbin* | */s/ David A. Rosenfeld* |
| Christopher B. Durbin | David A. Rosenfeld |
| *Counsel for Defendants* | *Counsel for Lead Plaintiff* |

cc:   Counsel of Record (via ECF)

```
The conference scheduled for December 15, 2020
is adjourned until January 19, 2021 at 4 pm.

SO ORDERED.
                              /s/ John G. Koeltl
New York, New York            John G. Koeltl
December 14, 2020                 U.S.D.J.
```

Cooley LLP   1700 Seventh Avenue   Suite 1900   Seattle, WA   98101-1355
t: (206) 452-8700  f: (206) 452-8800  cooley.com