UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CARRIE SCHEUFELE, JEFFREY SCHEUFELE and NICHOLAS ORAM, Individually and on Behalf of All Others Similarly Situated, | : : : : : | Civil Action No. 1:17-cv-05753-JGK <br><br> CLASS ACTION <br><br> STIPULATION OF SETTLEMENT |
| Plaintiffs, | : : | |
| vs. | : : | |
| TABLEAU SOFTWARE, INC., CHRISTIAN CHABOT, THOMAS WALKER, PATRICK HANRAHAN and CHRISTOPHER STOLTE, | : : : : | |
| Defendants. | : : : | |

4823-8414-3074.v3

This Stipulation of Settlement, dated April 16, 2021 (the "Stipulation"), is made and entered into by and between: (i) Lead Plaintiff The Plumbers and Pipefitters National Pension Fund, on behalf of itself and each Class Member,[1] by and through its counsel of record in the Litigation; and (ii) Defendants Tableau Software, Inc. ("Tableau" or the "Company"), Christian Chabot, Thomas Walker, Patrick Hanrahan and Christopher Stolte ("Defendants"), by and through their counsel of record in the Litigation. The Stipulation is intended to fully, finally, and forever resolve, discharge, release, settle, and dismiss with prejudice the Litigation and the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION

The Litigation is currently pending before the Honorable John G. Koeltl in the United States District Court for the Southern District of New York (the "Court"). The initial complaint in this action was filed on July 28, 2017. On October 18, 2017, the Court appointed Lead Plaintiff and Lead Counsel.[2]

Lead Plaintiff's Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on December 8, 2017, alleged that Defendants violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). More specifically, Lead Plaintiff alleged that, throughout the Class Period (February 5, 2015 through February 4, 2016, inclusive), Defendants made materially false and misleading statements and/or failed to disclose adverse information regarding the Company's business and operations, which caused the price of the Company's Class A common stock to trade at artificially inflated prices, until the market learned of the false and

---

[1]    All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1 herein.

[2]    On August 2, 2017, a complaint was filed in the United States District Court for the Western District of Washington. That complaint was voluntarily dismissed on October 18, 2017.

- 1 -

misleading statements or omissions, and the Company's share price significantly declined. Defendants contend that they did not violate §§10(b) or 20(a) of the Exchange Act.  Specifically, Defendants deny, *inter alia*, that they made any allegedly false or misleading statements, that any of the allegedly false or misleading statements were made with scienter, and that Class Members, including Lead Plaintiff, suffered any damages whatsoever.

On January 12, 2018, Defendants moved to dismiss the Complaint.  Instead of opposing that motion to dismiss, on February 2, 2018, Lead Plaintiff filed its Second Amended Complaint for Violations of the Federal Securities Laws (the "Amended Complaint").  On March 13, 2018, Defendants moved to dismiss the Amended Complaint.  On February 8, 2019, the Court heard oral argument on the motion to dismiss and denied the motion in its entirety.  Defendants initially answered the Amended Complaint on March 1, 2019, and later amended their answer on April 18, 2019.

On August 1, 2019, Lead Plaintiff moved for class certification.  On January 16, 2020, the Court heard oral argument on the motion for class certification and granted the motion, certifying the Class.

The Settling Parties have conducted extensive fact, class certification, and expert discovery, including depositions, the production and review of documents, and the exchange of expert reports.

On March 30, 2020, the Settling Parties participated in a confidential mediation with Jeff Bleich, Esq., an experienced mediator.  The mediation was preceded by the submission and exchange of mediation statements by the Settling Parties.  The Settling Parties engaged in good faith negotiations, but did not reach a settlement, and the Litigation continued.  On March 10, 2021, the Settling Parties participated in a confidential mediation session with the Hon. Layn R. Phillips (Ret.), another experienced mediator.  The mediation was again preceded by the submission and exchange

- 2 -

of mediation statements by the Settling Parties.  The Settling Parties engaged in arm's-length negotiations during the mediation session and reached an agreement-in-principle to resolve the Litigation.  On March 18, 2021, the Settling Parties executed a confidential term sheet memorializing their agreement.  The agreement included, among other things, the Settling Parties' agreement to settle the Litigation in return for a cash payment of $95,000,000 for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.  This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties.

## II.    DEFENDANTS' DENIALS OF LIABILITY

Throughout this Litigation, Defendants have denied, and continue to deny each and all of the claims and contentions alleged by Lead Plaintiff, as well as any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Among other things, Defendants expressly have denied, and continue to deny, that they made any false or misleading statements, that any statement during the Class Period was made with scienter, that the price of Tableau Class A common stock was artificially inflated as a result of any materially false or misleading statement or omission, that any Class Member, including Lead Plaintiff, has suffered any damages, or that any Class Member, including Lead Plaintiff, was harmed by any conduct alleged in the Litigation or that could have been alleged therein.  Defendants maintain that they have meritorious defenses to the claims alleged in the Litigation.

As set forth below, neither the Settlement itself nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted in the Litigation.  Defendants are entering into this Stipulation solely to

- 3 -

eliminate the burden, expense, and uncertainty of further protracted litigation.  Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.   LEAD PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiff and Lead Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted therein.  However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation through trial and through appeals.  Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in this Litigation.  Lead Plaintiff and Lead Counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation.  Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class.  Based on their own investigation and evaluation, Lead Plaintiff and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiff and the Class.

## IV.   TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Lead Plaintiff (on behalf of itself and the Class Members) and Defendants, by and through their respective counsel that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the

Litigation shall be dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

  1.  **Definitions**

  As used in this Stipulation the following terms, when capitalized, have the meanings specified below:

  1.1  "Authorized Claimant" means any Class Member who submits a valid Claim to the Claims Administrator that is approved by the Claims Administrator or Court for payment from the Net Settlement Fund.

  1.2  "Claim(s)" means a paper claim submitted on a Proof of Claim and Release form, substantially in the form attached hereto as Exhibit A-2, or an electronic claim that is submitted to the Claims Administrator.

  1.3  "Claimant" means any person who submits a Claim to the Claims Administrator.

  1.4  "Claims Administrator" means the firm of Gilardi & Co. LLC.

  1.5  "Class" means all Persons who purchased or otherwise acquired Tableau publicly traded Class A common stock during the Class Period.  Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) any person who was an officer or director of Tableau during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) Tableau's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person.  Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely excluded himself, herself, or itself therefrom.

1.6     "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.5 above.

1.7     "Class Period" means the period from February 5, 2015 through February 4, 2016, inclusive.

1.8     "Defendants" mean Tableau and the Individual Defendants.

1.9     "Defendants' Counsel" means Cooley LLP.

1.10    "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred, or have been waived.

1.11    "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor(s).

1.12    "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage of time for seeking appellate review, without action.  Without limitation, an order or Judgment becomes final when:  (a) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal has been filed and either (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or judgment or affirmed the court of appeals' decision affirming the judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of

*certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized Claims, shall not in any way delay, affect, or preclude the Judgment from becoming Final.

1.13    "Individual Defendants" means Christian Chabot, Thomas Walker, Patrick Hanrahan and Christopher Stolte.

1.14    "Judgment" means the Final Judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B, as well as any form of final judgment that may be entered by the Court in a form other than the form attached hereto as Exhibit B and where none of the Settling Parties elects to terminate this Settlement by reason of such variance, consistent with the terms of this Stipulation.

1.15    "Lead Counsel" means the law firm of Robbins Geller Rudman & Dowd LLP.

1.16    "Lead Plaintiff" means The Plumbers and Pipefitters National Pension Fund.

1.17    "Lead Plaintiff's Counsel" means Lead Counsel, Labaton Sucharow LLP and O'Donoghue & O'Donoghue LLP.

1.18    "Litigation" means the action captioned *Scheufele v. Tableau Software, Inc., et al.*, No. 1:17-cv-05753-JGK, pending in the United States District Court for the Southern District of New York.

1.19    "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) Notice and Administration Expenses (defined in

¶2.9 below); (iii) Taxes and Tax Expenses (defined in ¶2.11(c) below); and (iv) other Court-approved deductions.

1.20    "Person(s)" means an individual, corporation (including all divisions and subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees when acting in their capacity as such.

1.21    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.22    "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a Claim that a Class Member must complete and submit should that Class Member seek to share in a distribution of the Net Settlement Fund.  The Proof of Claim and Release shall be substantially in the form attached hereto as Exhibit A-2, subject to approval of the Court.

1.23    "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general

or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

1.24    "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment matters, issues, claims (including "Unknown Claims," as defined in ¶1.34 hereof), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule, or regulation, whether class, derivative (other than derivative actions expressly excluded herein), and/or individual in nature, based on, arising out of, or in connection with: (i) the purchase and/or acquisition of Tableau publicly traded Class A common stock by any Class Member during the Class Period; and/or (ii) the facts, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations and/or omissions which were or could have been alleged in this Litigation. "Released Claims" does not include: (i) the shareholder derivative claims asserted in *In re Tableau Software, Inc. and Salesforce.com, Inc. Derivative Litigation*, Case No. 1:20-cv-00467-SB, and its consolidated member (Case No. 1:18-cv-01192-SB), pending in the United States District Court for the District of Delaware; (ii) ERISA claims; and (iii) claims to enforce the Settlement.

1.25    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Lead Plaintiff, Lead Plaintiff's Counsel or any Class Member that arise out of or relate in any

4823-8414-3074.v3

way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

1.26    "Released Defendant Party" or "Released Defendant Parties" mean each and all of Defendants, Defendants' Counsel, and any of their Related Parties.

1.27    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean each and every Class Member, Lead Plaintiff, Lead Counsel, Lead Plaintiff's Counsel, and each of their Related Parties. Releasing Plaintiff Parties does not include any Person who would otherwise be a Member of the Class but for having validly and timely excluded himself, herself, or itself therefrom.

1.28    "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.29    "Settlement Amount" means Ninety-Five Million U.S. Dollars (U.S. $95,000,000.00) to be paid by check or wire transfer to the Escrow Agent pursuant to ¶2.2 of this Stipulation.

1.30    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.31    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.32    "Settling Parties" means, collectively, Defendants and Lead Plaintiff, on behalf of itself and the Class.

1.33    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.34    "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Lead Plaintiff, the Class and Lead Plaintiff's Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class and Lead Plaintiff's Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiff, the Class and Lead Plaintiff's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or

- 11 -

different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class and Lead Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties

- 12 -

shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

### 2. The Settlement

2.1    The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation and any and all Released Claims and Released Defendants' Claims upon and subject to the terms and conditions set forth herein.

#### a. The Settlement Amount

2.2    In full and final settlement of the claims asserted in the Litigation and in consideration of the releases specified in ¶¶4.1-4.3 herein, Defendants shall pay or shall cause the Settlement Amount to be paid by check or wire transfer within fifteen (15) business days after the later of: (a) entry of the Court's order granting preliminary approval of the Settlement; or (b) Lead Counsel having provided (i) a tax identification number for the Escrow Account; (ii) a completed wire transfer, ACH transfer, or similar anti-fraud payment request form signed by an authorized representative of the Escrow Account (provided that any such form is submitted to the Escrow Agent at least 20 business days before the motion for preliminary approval is filed with the Court); and (iii) all required wire and check funding instructions and information, including payee name, telephone and e-mail contact information and a physical address for the Escrow Agent.  The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in a segregated escrow account (the "Escrow Account") maintained by the Escrow Agent.

2.3    Other than the obligation to pay or cause to be paid the Settlement Amount into the Settlement Fund set forth in ¶2.2 herein, the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by

- 13 -

Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

2.4     Other than the obligation to pay or cause the payment of the Settlement Amount in accordance with the terms of ¶2.2, Defendants shall have no obligation to make any other payments pursuant to the Stipulation.

### b.     The Escrow Agent

2.5     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for the actions of the Escrow Agent.

2.6     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Defendants' Counsel.

2.7     Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any transaction executed by the Escrow Agent.

2.8     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.9     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants and/or order of the Court, reasonable costs and expenses actually incurred in connection with providing notice of the Settlement by mail, publication, and other means, locating potential Class Members, assisting with the submission of Claims, processing Proof of Claim and Release forms, administering the Settlement, and paying escrow taxes, fees and costs, if any ("Notice and Administration Expenses"), up to the sum of $450,000.00.  Prior to the Effective Date, all such Notice and Administration Expenses in excess of $450,000.00 may be paid from the Settlement Fund only with prior approval of the Defendants and the Court.  After the Effective Date, Notice and Administration Expenses may be paid as incurred, without approval of Defendants or further order of the Court.

4823-8414-3074.v3

2.10     It shall be Lead Counsel's responsibility to disseminate the Notice (as defined in ¶3.1 below), Proof of Claim and Release, and Summary Notice (as defined in ¶3.1 below) to potential Class Members in accordance with this Stipulation and as ordered by the Court.  The Released Defendant Parties shall have no responsibility for or liability whatsoever with respect to the notice process or the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto, including any claims that may arise from any failure of the notice process.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any acts, omissions, or determinations made in the notice process and any Notice and Administration Expenses.

### c.     Taxes

2.11     The Settling Parties agree as follows:

(a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1, and the regulations promulgated thereunder.  The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. §1.468B-1(c)(1).  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.11, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. §1.468B-2(k)(3)) shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the elections described in ¶2.11(a) hereof) shall be consistent with this ¶2.11 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.11(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period after the deposit of the Settlement Amount and during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.11 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.11) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events, the Released Defendant Parties and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost

- 17 -

of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court.  The Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay any Taxes and Tax Expenses, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)).  Neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.11.

2.12    This is not a claims-made settlement.  As of the Effective Date, the Released Defendant Parties, and/or any other Person funding the Settlement on their behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have any liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims.  The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of Claims, Taxes and Tax Expenses, legal fees, or any other expenses payable from the Settlement Fund.

### d.    Termination of Settlement

2.13    In the event that this Stipulation is not approved or the Settlement is not approved, or is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final, the Settlement Fund less Notice and Administration Expenses and Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.9 and 2.11 hereof in connection with the Settlement

- 18 -

provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.4 herein.

### 3.    Preliminary Approval Order and Settlement Hearing

3.1    Immediately following execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (defined in ¶6.1 below), and the date of the Settlement Hearing.

3.2    It shall be solely Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

3.3    Lead Counsel shall request that, after notice is given and not earlier than ninety (90) calendar days after the later of the dates on which the appropriate Federal official and the appropriate State officials are provided with notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715 *et seq.* ("CAFA"), the Court hold the Settlement Hearing and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application (defined in ¶6.1 below).

**4.      Releases**

4.1      Upon the Effective Date, Lead Plaintiff shall, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, or administrative forum any and all of the Released Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.   Claims to enforce the terms of this Stipulation are not released. Notwithstanding the foregoing, nothing in this Stipulation shall be construed as limiting, modifying, or otherwise affecting any insurance coverage or policies that may be available to any of the Released Defendant Parties.

4.2      Any Proof of Claim and Release that is executed by Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3      Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Lead Plaintiff, the Class and Lead Plaintiff's Counsel.   Claims to enforce the terms of this Stipulation are not released.

**5.      Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1      The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate

4823-8414-3074.v3

the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  The Released Defendant Parties and Defendants' Counsel shall have no responsibility for or interest whatsoever in the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including Lead Plaintiff, any other Class Members, or Lead Plaintiff's Counsel, in connection with such administration, including, but not limited to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

5.2    The Settlement Fund shall be applied as follows:

(a)    to pay all Notice and Administration Expenses;

(b)    to pay the Taxes and Tax Expenses;

(c)    to pay attorneys' fees and expenses of Lead Plaintiff's Counsel and to pay any award to Lead Plaintiff for its reasonable costs and expenses (including lost wages) pursuant to 15 U.S.C. §78u-4(a)(4), if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(d)    after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or the orders of the Court.

- 21 -

5.3     After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the provisions of this Stipulation.

5.4     Within ninety (90) calendar days after (a) the mailing of the Notice, or (b) such other time as may be set by the Court, each Class Member who seeks to receive any payment pursuant to the terms of this Stipulation shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.5     Except as provided herein or otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will forever be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, the Claims Administrator or any Class Member by reason of the exercise or non-exercise of such discretion.

5.6     Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this

Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶5.8 below.

5.7     Proof of Claim and Release forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶5.8 below.

5.8     If any Claimant whose timely Claim has been rejected in whole or in part for a curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶5.7 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the Claimant's request for review to the Court.

5.9     Each Class Member who has not been excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the Released Claims, including, but not limited to, all releases provided for herein and in the Judgment, and, to the extent applicable, any Claim submitted by such Claimant, which will be subject to investigation and discovery under the

- 23 -

Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  In connection with processing the Proofs of Claim and Release, no discovery shall be allowed on the merits of the Litigation or the Settlement.  All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment. All Class Members, Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.10    Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the distribution of the Net Settlement Fund, the Claims Administrator at Lead Counsel's direction shall, if feasible, redistribute such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*.  Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to an appropriate non-sectarian, non-profit charitable organization(s) unaffiliated with any party or their counsel serving the public interest selected by Lead Counsel and approved by the Court.

- 24 -

5.11    The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection with any of the foregoing.  No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶5.1-5.13 hereof; and the Releasing Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

5.12    No Person shall have any claim against the Released Defendant Parties, Lead Plaintiff, Lead Plaintiff's Counsel or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.13    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

4823-8414-3074.v3

### 6.      Lead Plaintiff's Counsel's Attorneys' Fees and Expenses

6.1      Lead Counsel may submit an application or applications (the "Fee and Expense Application") on behalf of all Lead Plaintiff's Counsel for distribution from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  An application for fees and expenses may include a request for reimbursement of Lead Plaintiff's reasonable costs and expenses in connection with its representation of the Class pursuant to 15 U.S.C. §78u-4(a)(4).  Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2      The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  If the Court awards no attorneys' fees or expenses, or awards attorneys' fees or expenses in an amount that is less than what was sought by Lead Counsel, it will not be a basis for setting aside this Stipulation or terminating the Settlement.  Any fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  Lead Counsel may thereafter allocate the attorneys' fees among Lead Plaintiff's Counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3      In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or

terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel, including its partners and/or shareholders, and such other Lead Plaintiff's Counsel, including their law firms, partners, and/or shareholders, and Lead Plaintiff who have received any portion of the Fee and Expense Award shall, within five (5) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal, modification, cancellation or termination, and such fees and expenses shall be returned to the Settlement Fund in accordance with ¶7.4.  Any refunds required pursuant to this ¶6.3 shall be the joint and several obligation of Lead Plaintiff's Counsel, including their law firms, partners, and/or shareholders, and Lead Plaintiff that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each such Lead Plaintiff's Counsel or Lead Plaintiff receiving an award of fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that (a) such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and (b) are jointly and severally liable for the full amount of all fees, expenses, and/or costs paid to them from the Settlement Fund together with the interest paid thereon. Without limitation, Lead Plaintiff's Counsel and Lead Plaintiff and their partners, shareholders, and/or members agree that the Court may, upon application of Defendants and notice to Lead Plaintiff's Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should such law firms or

their partners, shareholders, or members fail to timely repay fees and expenses pursuant to this paragraph.

6.4     The procedure for and the allowance or disallowance by the Court of any applications by any Lead Plaintiff's Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Lead Plaintiff, Lead Counsel, or Lead Plaintiff's Counsel, nor any appeals from such awards.  Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein, or any other orders entered pursuant to the Stipulation of Settlement.

6.5     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  With the sole exception of Defendants' obligation to pay or cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶2.2, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes) to Lead Plaintiff's Counsel, or any other counsel or Person who receives payment from the Settlement Fund.

6.6     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Lead Plaintiff's Counsel and/or any other Person

who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

6.7    The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Class Member, whether or not paid from the Escrow Account.

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1    The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, or an order substantially in the form of Exhibit A attached hereto or as may be subsequently agreed to by the Settling Parties per ¶7.3 below, directing notice to the Class, as required by ¶3.1 hereof;

(b)    the Settlement Amount has been deposited into the Escrow Account;

(c)    Neither Settling Party has exercised its option to terminate the Stipulation pursuant to ¶7.4 hereof;

(d)    the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto or as may be subsequently agreed to by the Settling Parties per ¶7.3 below; and

(e)    the Judgment has become Final, as defined in ¶1.12 hereof.

7.2    Upon the Effective Date, any and all remaining interest or right of the Defendants and any other Persons who contributed to the Settlement Fund in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  The Released Defendant Parties shall not have any liability, obligation, or responsibility for the payment of Claims, any Fee and Expense Award, Notice and Administration Expenses, Taxes and Tax Expenses, legal fees, or any other expenses payable from

- 29 -

the Settlement Fund.  If the conditions specified in ¶7.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶7.5-7.7 hereof unless the Settling Parties mutually agree in writing to proceed with the Settlement.  For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or expenses to Lead Plaintiff shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.3     In the event the Court declines to enter the Preliminary Approval Order in substantially the form of Exhibit A attached hereto, or the Judgment in substantially the form of Exhibit B attached hereto, the Settling Parties agree to work in good faith to make appropriate modifications, as may be necessary, to the Stipulation, Notice, Summary Notice, Proof of Claim and Release, and Judgment.  To the extent any disputes arise between the Settling Parties with respect to such negotiations, the Settling Parties agree to participate in non-binding mediation with respect thereto with the Hon. Layn R. Phillips (Ret.).  Neither of the Settling Parties may cancel or terminate the Settlement and this Stipulation prior to such mediation and may only do so to the extent that, upon the conclusion of the mediation, the Hon. Layn R. Phillips (Ret.) has declared an impasse between the Settling Parties with respect to such disputes.

7.4     Each of Lead Plaintiff and Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) calendar days of: (a) the Court's refusal to enter an order preliminarily approving the Settlement and/or permitting Notice of the Settlement to Class Members, provided, however, that the 30-day period shall not commence until the conclusion of the dispute-resolution process set forth in ¶7.3 hereof; (b) the Court's refusal to approve the Settlement; (c) the

- 30 -

Court's refusal to enter the Judgment, provided, however, that the 30-day period shall not commence until the conclusion of the dispute-resolution process set forth in ¶7.3 hereof; (d) the date upon which the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final; or (e) the failure of the Effective Date to occur for any reason.

7.5     Unless otherwise ordered by the Court, in the event this Stipulation is not approved or this Stipulation or the Settlement is terminated, or canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final, within ten (10) business days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Taxes, Tax Expenses and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶2.9 and/or 2.11 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.9 and/or 2.11 hereof, shall be refunded by the Escrow Agent to the Persons who contributed to the Settlement Fund pursuant to written instructions from Defendants' Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the same Persons pursuant to written instructions from Defendants' Counsel.

7.6     In the event that this Stipulation is not approved or this Stipulation or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective positions in the Litigation as of March 18, 2021.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.34, 2.7-2.9, 2.11-2.13, 6.3, 7.5-7.7, 8.1, and 9.7 hereof, shall have no further force and effect with respect to the

Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

7.7     If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Lead Plaintiff nor Lead Plaintiff's Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.9 or 2.11.  In addition, any amounts already incurred pursuant to ¶¶2.9 or 2.11 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.13 and 7.5 hereof.

## 8.     No Admission of Liability

8.1     Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered or received against Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Defendants of the truth of any allegations by Lead Plaintiff or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or

- 32 -

could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of Defendants or in any way referred to for any other reason as against Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)      shall be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of liability for any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against Lead Plaintiff or any Member of the Class as evidence of any infirmity in the claims of Lead Plaintiff and the Class;

(c)      shall be offered or received against Defendants as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, Released Defendant Parties may refer to it to effectuate the releases granted them hereunder; and

(d)      shall be construed against Defendants, Lead Plaintiff, or the Class as evidence of a presumption, concession or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

### 9.      Miscellaneous Provisions

9.1      The Settling Parties:  (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and

implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between the Class and the Defendants with respect to the Litigation.  The Settlement shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3     The Settling Parties and their counsel agree not to assert in any statement made to any media representative (whether or not for attribution) that the Litigation was commenced or prosecuted by Lead Plaintiff or defended by Defendants in bad faith or without a reasonable basis, nor will they deny that the Litigation was commenced and prosecuted and defended in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, the Settling Parties and their counsel shall not make any accusations of wrongful or actionable conduct by any party concerning the prosecution, defenses and resolution of the Litigation, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.4     Released Defendant Parties may file this Stipulation and/or the Judgment from this action in any other action in order to support a defense or counterclaim based on principles of *res*

*judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.  The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

9.5     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.6     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.7     This Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.8     This Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties hereto as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties, including, but not limited to, the Settling Parties' confidential term sheet dated March 18, 2021. Each Settling Party expressly disclaims any reliance on any representations, warranties, or inducements concerning this Stipulation or its Exhibits, other than the representations, warranties, and covenants contained and memorialized in such documents.

9.9     Except as otherwise provided herein, or otherwise agreed to in writing by the parties hereto, each party shall bear his, her, or its own fees and costs.

- 35 -

9.10    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which it deems appropriate.

9.11    Each counsel or other Person executing this Stipulation, its Exhibits, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.12    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

9.13    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

*If to Lead Plaintiff or to Lead Counsel:*

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101

- 36 -

*If to Defendants or to Defendants' Counsel:*

COOLEY LLP
CHRISTOPHER B. DURBIN
1700 Seventh Avenue, Suite 1900
Seattle, WA  98101

TABLEAU SOFTWARE, INC.
Keenan Conder
1441 N 34th St., Suite 100
Seattle, WA  98103

9.14    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

9.15    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

9.16    The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

9.17    Pending approval of the Court of this Stipulation and its Exhibits, all non-settlement-related proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

9.18    This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

4823-8414-3074.v3

9.19    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.20    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.21    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

9.22    Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated April 16, 2021.

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
WILLIAM J. GEDDISH

DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
wgeddish@rgrdlaw.com

- 38 -

ROBBINS GELLER RUDMAN
   & DOWD LLP
ELLEN GUSIKOFF STEWART
DOUGLAS R. BRITTON (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
dougb@rgrdlaw.com

Lead Counsel for Lead Plaintiff

LABATON SUCHAROW LLP
JONATHAN GARDNER
CHRISTINE M. FOX
140 Broadway, 34th Floor
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jgardner@labaton.com
cfox@labaton.com

O'DONOGHUE & O'DONOGHUE LLP
LOUIS P. MALONE
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC 20015
Telephone: 202/362-0041
202/362-2640 (fax)
lmalone@odonoghuelaw.com

Additional Counsel for Lead Plaintiff

COOLEY LLP
CHRISTOPHER B. DURBIN (*pro hac vice*)
JEFFREY D. LOMBARD (*pro hac vice*)

_____
      CHRISTOPHER B. DURBIN

4823-8414-3074.v3

1700 Seventh Avenue, Suite 1900
Seattle, WA  98101
Telephone: 206/452-8700
206/452-8800 (fax)
cdurbin@cooley.com
jlombard@cooley.com

COOLEY LLP
SARAH M. LIGHTDALE (SL 7122)
55 Hudson Yards
New York, NY 10001
Telephone: 214/479-6000
212/479-6275 (fax)
slightdale@cooley.com

*Attorneys for Defendants*

4823-8414-3074.v3

**CERTIFICATE OF SERVICE**

I, David A. Rosenfeld, hereby certify that on April 16, 2021, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to received such notice.  I further certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed April 16, 2021, at Melville, New York.


/s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD