UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————— x

CARRIE SCHEUFELE, JEFFREY
SCHEUFELE and NICHOLAS ORAM,
Individually and on Behalf of All Others
Similarly Situated,

                    Plaintiffs,

    vs.

TABLEAU SOFTWARE, INC., CHRISTIAN
CHABOT, THOMAS WALKER, PATRICK
HANRAHAN and CHRISTOPHER STOLTE,

                Defendants.

———————————————— x

Civil Action No. 1:17-cv-05753-JGK

<u>CLASS ACTION</u>

ORDER GRANTING PRELIMINARY
APPROVAL PURSUANT TO FED. R. CIV.
P. 23(e)(1) AND PERMITTING NOTICE TO
THE CLASS

WHEREAS, an action pending before this Court is styled *Scheufele, et al. v. Tableau Software, Inc., et al.*, Civil Action No. 1:17-cv-05753-JGK (S.D.N.Y.) (the "Litigation");

WHEREAS, Lead Plaintiff, having made a motion pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement, dated April 16, 2021 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Parties and for dismissal of the Litigation with prejudice upon, and subject to, the terms and conditions set forth therein; and the Court having read and considered: (1) the motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith, and (2) the Stipulation and the exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Stipulation and does hereby preliminarily approve the Stipulation and the Settlement set forth therein as fair, reasonable and adequate, subject to further consideration at the Settlement Hearing (as defined in ¶3 below).

2.      The Court preliminarily finds that the proposed Settlement should be approved as it: (i) is the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falls within a range of reasonableness warranting final approval; (iii) has no obvious deficiencies; (iv) involves a class that is not substantively different from the Class previously certified by the Court on January 16, 2020; and (v) warrants notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

3.      A hearing shall be held before this Court on September 14, 2021, at 2:30 p.m. (the "Settlement Hearing"), at the Daniel Patrick Moynihan United States Courthouse, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, to: (a) determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; (b) determine whether a Judgment as provided in ¶1.14 of the Stipulation should be entered; (c) determine whether the proposed Plan of Allocation should be approved; (d) determine the amount of attorneys' fees, costs, charges and expenses that should be awarded to Lead Plaintiff's Counsel; (e) hear any objections by Class Members to the Settlement or Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Plaintiff's Counsel; and (f) consider such other matters the Court deems appropriate. The Court may adjourn or change the date and time of the Settlement Hearing without further notice to the Class.

4.      The Court approves the form, substance, and requirements of the Notice of Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release, substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

5.      The Court approves the form of the Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), substantially in the form annexed hereto as Exhibit A-3.

6.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

7.      Not later than May 25, 2021 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release, substantially in the forms annexed hereto as Exhibits 1 and 2, to be mailed by First-Class Mail to all Class Members who can be

identified with reasonable effort and to be posted on the case-designated website, www.TableauSecuritiesLitigation.com. For all Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses.

8.     Not later than June 1, 2021, the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*, and once over a national newswire service.

9.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10.    The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired Tableau Class A common stock during the Class Period (between February 5, 2015 and February 4, 2016, inclusive) as record owners but not as beneficial owners. Such nominee purchasers are directed, within ten (10) calendar days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim and Release to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim and Release promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim and Release to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof

of Claim and Release to beneficial owners.  Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

11.     The Court finds that the form and content of the notice program described herein and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

12.     All fees, costs, and expenses incurred in identifying and notifying Members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Defendant Parties bear any responsibility or liability for such fees, costs, or expenses.

13.     All Class Members (except Persons who validly and timely requested exclusion in response to the Notice of Pendency of Class Action provided in June 2020) shall be bound by all determinations and judgments in the Litigation concerning the Settlement (including, but not limited to, the releases provided for therein) whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means (including, without limitation, by submitting a Proof of Claim and Release or any similar document) any distribution from the Settlement Fund or the Net Settlement Fund.

14.     Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim and Release in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than August 24, 2021.  Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net

- 4 -

Settlement Fund, unless otherwise ordered by the Court, but shall in all other respects be bound by the terms of the Stipulation and by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late submitted Claims.

15.     Any Member of the Class (except Persons who validly and timely requested exclusion in response to the Notice of Pendency of Class Action provided in June 2020) may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any Member of the Class does not enter an appearance, they will be represented by Lead Counsel.

16.     Any Member of the Class (except Persons who validly and timely requested exclusion in response to the Notice of Pendency of Class Action provided in June 2020) may appear at the Settlement Hearing and object if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees, together with costs, charges and expenses should not be awarded; provided that any such Class Member (or any other Person) files objections and copies of any papers and briefs with the Clerk of the United States District Court for the Southern District of New York and mails copies thereof by first-class mail to Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; and to Cooley LLP, Christopher B. Durbin, 1700 Seventh Avenue, Suite 1900, Seattle, WA 98101 and Tableau Software, Inc., Keenan Conder, 1441

N 34th St., Suite 100, Seattle, WA 98103, no later than August 24, 2021. Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, or to the award of fees, costs, charges and expenses to Lead Plaintiff's Counsel or Lead Plaintiff, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees, costs, charges and expenses are required to indicate in their written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

17.    Any objections, filings, and other submissions by an objecting Class Member must: (i) state the name, address and telephone number of the Person objecting and must be signed by the objector; (ii) contain a statement of the Class Members' objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objections applies only to the objector, a specific subset of the Class, or to the entire Class; and (iii) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, acquisitions, and/or sales of Tableau Class A common stock during the Class Period, the dates, the number of shares purchased, acquired, or sold, and the price paid or received for such purchase, acquisition, or sale.

18.    Any Class Member who does not object to the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees, costs, charges and expenses in the

manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges and expenses.

19.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.     All papers in support of the Settlement, Plan of Allocation, and any application by Lead Plaintiff's Counsel for attorneys' fees, costs, charges and expenses shall be filed and served no later than August 10, 2021, and any reply papers shall be filed and served no later than September 7, 2021.

21.     The Released Defendant Parties shall have no responsibility or liability for the Plan of Allocation or any application for attorneys' fees, costs, charges or expenses submitted by Lead Plaintiff's Counsel, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.

22.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees, costs, charges and expenses, should be approved. The Court reserves the right to enter the Judgment finally approving the Settlement regardless of whether it has approved the Plan or Allocation or awarded attorneys' fees and/or costs, charges and expenses.

23.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the

Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Lead Plaintiff nor Lead Plaintiff's Counsel nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.9 or 2.11 of the Stipulation.

24.     This Order and the Stipulation (including any of their respective terms or provisions), any of the negotiations, discussions, proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, may not be construed as an admission or concession by the Released Defendant Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal) except in connection with any proceeding to enforce the terms of the Stipulation or this Order.  The Released Defendant Parties, Lead Plaintiff, Class Members, and each of their counsel may file the Stipulation, and/or this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

25.     All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity shall commence or

prosecute any of the Released Claims against any of the Released Defendant Parties in any action or proceeding in any court or tribunal.

26.    The Court reserves the right to alter the time or the date of the Settlement Hearing or to hold the hearing via video or telephone without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

27.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereto (except as expressly provided in the Stipulation, and this Order) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties. In any such event, the Settling Parties shall be deemed to have reverted to their respective litigation positions as of March 18, 2021.

IT IS SO ORDERED.

DATED: ___5 / 7 / 21___    _____
THE HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

- 9 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

CARRIE SCHEUFELE, JEFFREY
SCHEUFELE and NICHOLAS ORAM,
Individually and on Behalf of All Others
Similarly Situated,

                          Plaintiffs,

    vs.

TABLEAU SOFTWARE, INC., CHRISTIAN
CHABOT, THOMAS WALKER, PATRICK
HANRAHAN and CHRISTOPHER STOLTE,

                      Defendants.

---------------------------------------------------------------x

Civil Action No. 1:17-cv-05753-JGK

<u>CLASS ACTION</u>

NOTICE OF PROPOSED SETTLEMENT OF
CLASS ACTION

EXHIBIT 1

**TO: ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED TABLEAU SOFTWARE, INC. ("TABLEAU" OR THE "COMPANY") CLASS A COMMON STOCK DURING THE PERIOD BETWEEN FEBRUARY 5, 2015 THROUGH FEBRUARY 4, 2016, INCLUSIVE (THE "CLASS PERIOD")**

**IN ORDER TO QUALIFY FOR A SETTLEMENT PAYMENT, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM AND RELEASE FORM BY AUGUST 24, 2021.**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

### WHY SHOULD I READ THIS NOTICE?

This Notice is given pursuant to an order issued by the United States District Court for the Southern District of New York (the "Court"). This Notice serves to inform you of the proposed settlement of the above-captioned class action lawsuit for $95,000,000.00 in cash (the "Settlement") and the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated April 16, 2021 (the "Stipulation"), by and between Lead Plaintiff The Plumbers and Pipefitters National Pension Fund ("Lead Plaintiff"), on behalf of itself and the Class (as defined below), on the one hand, and Defendants Tableau, Christian Chabot, Thomas Walker, Patrick Hanrahan and Christopher Stolte (collectively, "Defendants"), on the other hand.[1]

**This Notice is intended to inform you how this lawsuit and proposed Settlement may affect your rights and what steps you may take in relation to it. This Notice is different from the one you previously received advising you of the pendency of this Litigation. This Notice is NOT an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit or whether the Defendants engaged in any wrongdoing.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM AND RELEASE** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim and Release must be postmarked (if mailed) or received (if submitted online) on or before August 24, 2021.** |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. **Objections must be postmarked on or before August 24, 2021.** |
| **GO TO THE HEARING** | Ask to speak in Court about the fairness of the Settlement. |

---

[1]   The Stipulation can be viewed and/or downloaded at www.TableauSecuritiesLitigation.com. All capitalized terms used herein have the same meaning as the terms defined in the Stipulation.

| ON SEPTEMBER 14, 2021, AND FILE A NOTICE OF INTENTION TO APPEAR | Requests to speak must be postmarked on or before August 24, 2021. If you submit a written objection, you may (but you do not have to) attend the hearing. |
|---|---|
| DO NOTHING | Receive no payment. You will, however, still be a Class Member, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Party about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

**Description of the Litigation and the Class**

This Notice relates to a proposed settlement of claims in a pending securities class action brought by Tableau investors alleging, among other things, that Defendants violated the federal securities laws by making materially false and misleading statements or omitting to state facts necessary to make statements not misleading in public filings and other public statements during the Class Period. A more detailed description of the Litigation is set forth on pages ____ below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined on pages ____ below.

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $95,000,000.00 settlement fund has been established (the "Settlement Amount"). The Settlement Amount, together with any interest earned thereon, is the "Settlement Fund." The Settlement Fund, less (a) any taxes, (b) any Notice and Administration Expenses, and (c) any attorneys' fees and litigation costs, charges and expenses (including any award to Lead Plaintiff of its costs and expenses in representing the Class) awarded by the Court, will be distributed to Class Members in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages ____ below. Based on Lead Plaintiff's estimate of the number of Tableau Class A common stock eligible to recover, the average distribution under the Plan of Allocation is roughly $2.87 per share before deduction of any taxes on the income earned on the Settlement Fund, Notice and Administration Expenses, and allowable attorneys' fees and expenses (including any award to Lead Plaintiff) as determined by the Court. *Class Members should note, however, that these are only estimates.* A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim and Release. An individual Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages ____ below for more information on the calculation of your claim.

- 2 -

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages per share, if any, that would be recoverable if the Class prevailed on each claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any injury or damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Tableau Class A common stock was allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the price of Tableau Class A common stock was allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the price of Tableau Class A common stock at various times during the Class Period; (6) the extent to which external factors influenced the price of Tableau Class A common stock at various times during the Class Period; (7) the extent to which the various statements that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the price of Tableau Class A common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the price of Tableau Class A common stock during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Lead Counsel will apply to the Court on behalf of all Lead Plaintiff's Counsel[2] for an award of attorneys' fees not to exceed twenty-eight percent (28%) of the Settlement Amount, plus costs, charges and expenses not to exceed $1,500,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. Since the Litigation's inception, Lead Counsel has expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and has advanced the expenses of the Litigation in the expectation that if it was successful in obtaining a recovery for the Class it would be paid from such recovery. The requested attorneys' fees, costs, charges and expenses amount to an average cost of approximately $0.85 per allegedly damaged Tableau common share. The average cost per damaged share will vary depending on the number of acceptable Proofs of Claim and Release submitted.

**Further Information**

For further information regarding the Litigation or this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-888-788-4733, or visit the website www.TableauSecuritiesLitigation.com.

You may also contact a representative of counsel for the Class: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, www.rgrdlaw.com.

---

[2]  Lead Plaintiff's Counsel means Lead Counsel, Labaton Sucharow LLP, and O'Donoghue & O'Donoghue LLP.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiff's principal reason for entering into the Settlement is the benefit provided to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after trial, and likely appeals, a process that could last several years into the future.

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Lead Plaintiff in the Litigation. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiff or the Class has suffered any damage, or that Lead Plaintiff or the Class was harmed by the conduct alleged in the Litigation. For Defendants, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens of further protracted litigation.

## WHAT IS THIS LAWSUIT ABOUT?

## THE ALLEGATIONS

The Litigation is currently pending before the Honorable John G. Koeltl in the United States District Court for the Southern District of New York (the "Court"). The initial complaint in this action was filed on July 28, 2017. On October 18, 2017, the Court appointed The Plumbers and Pipefitters National Pension Fund as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel.

Lead Plaintiff's Second Amended Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") alleges that Defendants violated §§10(b) and 20(a) of the Securities Exchange Act of 1934. More specifically, Lead Plaintiff alleges that throughout the Class Period, Defendants made materially false and misleading statements and/or failed to disclose adverse information regarding the Company's business and operations, including that product launches and upgrades by major software competitors were negatively impacting Tableau's competitive position and profitability. Lead Plaintiff alleges that as a result of Defendants' false statements and/or omissions, Tableau Class A common stock traded at artificially inflated prices. Lead Plaintiff further alleges that when the true facts regarding the effect of competition on Tableau's growth and outlook for profitability were revealed, that artificial inflation was removed from the price of Tableau Class A common stock, causing the price to drop and damaging Members of the Class.

Defendants deny all of Lead Plaintiff's claims, allegations, and contentions of fault, liability, wrongdoing and damages. Defendants contend that they did not make any false or misleading statements and that they disclosed all information required to be disclosed by the federal securities laws.

**THE COURT HAS NOT RULED AS TO WHETHER DEFENDANTS ARE LIABLE TO LEAD PLAINTIFF OR TO THE CLASS. THIS NOTICE IS NOT INTENDED TO BE**

AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THIS LITIGATION OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED.   THIS NOTICE IS SOLELY TO ADVISE YOU OF THE PROPOSED SETTLEMENT OF THIS ACTION AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.

## PROCEDURAL HISTORY

On January 12, 2018, Defendants moved to dismiss the Lead Plaintiff's initial complaint.  On February 2, 2018, Lead Plaintiff filed the Amended Complaint.  On March 13, 2018, Defendants moved to dismiss the Amended Complaint.  On February 8, 2019, the Court heard oral argument on the motion to dismiss and denied the motion.  Defendants initially answered the Amended Complaint on March 1, 2019, and later amended their answer on April 18, 2019.

On August 1, 2019, Lead Plaintiff moved for class certification.  On January 16, 2020, the Court heard oral argument on the motion for class certification and granted the motion certifying the Class.

The Settling Parties have conducted extensive fact, class certification and expert discovery, including depositions, the production and review of documents, and the exchange of expert reports.

On March 30, 2020, the Settling Parties participated in a confidential mediation with Jeff Bleich, Esq., an experienced mediator.  The mediation was preceded by the submission and exchange of mediation statements by the Settling Parties.  The Settling Parties engaged in good faith negotiations, but did not reach a settlement, and litigation continued.  On March 10, 2021, the Settling Parties participated in a confidential mediation session with the former federal judge Layn R. Phillips, Esq., another experienced mediator.  The mediation was again preceded by the submission and exchange of mediation statements by the Settling Parties.  The Settling Parties engaged in arm's-length negotiations during the mediation session and reached an agreement-in-principle to resolve the Litigation.  On March 18, 2021, the Settling Parties executed a term sheet memorializing their agreement.  The agreement included, among other things, the Settling Parties' agreement to settle the Litigation in return for a cash payment of $95,000,000 for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.  The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties.

## HOW DO I KNOW IF I AM A CLASS MEMBER?

If you purchased or otherwise acquired Tableau Class A common stock during the period between February 5, 2015 and February 4, 2016, inclusive and are not otherwise excluded, you are a Class Member.  As set forth in the Stipulation, excluded from the Class are:  Defendants; members of the immediate family of any Defendant who is an individual; any person who was an officer or director of Tableau during the Class Period; any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; Tableau's employee retirement and benefit plan(s) and their participants or beneficiaries to the extent they made purchases through such plan(s); and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person.

- 5 -

Also excluded from the Class is any Class Member who timely and validly requested exclusion in accordance with the requirements set by the Court in connection with the Notice of Pendency of Class Action previously provided to the Class in June 2020.

**PLEASE NOTE:** Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim and Release that is being distributed with this Notice and the required supporting documentation as set forth therein, postmarked or submitted online on or before August 24, 2021.

## WHAT IS THE MONETARY VALUE OF THE PROPOSED SETTLEMENT?

The Settlement, if approved, will result in the creation of a cash settlement fund of $95,000,000.00. This fund, plus accrued interest and minus the costs of this Notice and all costs associated with the administration of the Settlement, as well as attorneys' fees and expenses, as approved by the Court (the "Net Settlement Fund"), will be distributed to eligible Class Members pursuant to the Plan of Allocation that is described in the next section of this Notice.

## WHAT IS THE PROPOSED PLAN OF ALLOCATION?

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation.

The Claims Administrator shall determine each Class Member's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each share of Tableau Class A common stock purchased or otherwise acquired during the Class Period. The calculation of a Recognized Loss will depend upon several factors, including when the Tableau Class A common stock was purchased or otherwise acquired and in what amounts, whether the shares were ever sold, and, if so, when they were sold and for what amounts.

Your share of the Net Settlement Fund will depend on the number of valid Proofs of Claim and Release that Class Members send in and how many shares of Tableau Class A common stock you purchased or otherwise acquired during the Class Period, and whether you sold any of those securities and when you sold them.

The calculation of claims below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per share is $0.00.

In the event a Class Member has more than one purchase or acquisition or sale of Tableau Class A common stock during the Class Period, all such purchases, acquisitions, and/or sales shall be matched on a First-In, First-Out ("FIFO") basis. Sales will be matched against purchases or acquisitions in chronological order, beginning with the earliest purchase made or acquisition during the Class Period.

If a matched Class Period purchase/acquisition and sale reflects a market gain, the recognized claim for the specific shares or notes involved in the transaction will be $0.00.  The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its recognized claim as compared to the total recognized claims of all Authorized Claimants.  No distribution shall be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

For shares of Tableau common stock purchased or acquired from February 5, 2015 through February 4, 2016, inclusive, the claim per share shall be as follows:

A.      If sold from February 5, 2015 through February 4, 2016, inclusive, the claim per share shall be $0.

B.      If sold from February 5, 2016 through May 4, 2016, inclusive, the claim per share shall be the least of:

      a.      the inflation per share in Table A at the time of purchase;

      b.      the difference between the purchase price per share and the sales price per share; or

      c.      the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in Table B below.

C.      If retained at the close of trading on May 4, 2016, the claim per share shall be the lesser of:

      a.      the inflation per share in Table A at the time of purchase; and

      b.      the difference between the purchase price per share and $44.90 per share.

### TABLE A

| Purchase Period | Inflation |
| --- | --- |
| February 5, 2015 through November 5, 2015 | $17.72 |
| November 6, 2015 through February 4, 2016 | $31.68 |

**TABLE B**

| Date | Closing Price | Average Closing Price from February 5, 2016 through Sale Date | Date | Closing Price | Average Closing Price from February 5, 2016 through Sale Date |
|---|---|---|---|---|---|
| 2/5/2016 | $41.33 | $41.33 | 3/22/2016 | $43.85 | $42.63 |
| 2/8/2016 | $37.22 | $39.28 | 3/23/2016 | $42.19 | $42.62 |
| 2/9/2016 | $39.23 | $39.26 | 3/24/2016 | $42.90 | $42.62 |
| 2/10/2016 | $39.86 | $39.41 | 3/28/2016 | $43.93 | $42.66 |
| 2/11/2016 | $39.98 | $39.52 | 3/29/2016 | $45.65 | $42.74 |
| 2/12/2016 | $40.25 | $39.65 | 3/30/2016 | $45.36 | $42.81 |
| 2/16/2016 | $40.17 | $39.72 | 3/31/2016 | $45.87 | $42.90 |
| 2/17/2016 | $42.09 | $40.02 | 4/1/2016 | $45.86 | $42.97 |
| 2/18/2016 | $41.09 | $40.14 | 4/4/2016 | $46.83 | $43.07 |
| 2/19/2016 | $42.39 | $40.36 | 4/5/2016 | $45.29 | $43.12 |
| 2/22/2016 | $42.66 | $40.57 | 4/6/2016 | $45.90 | $43.19 |
| 2/23/2016 | $40.84 | $40.59 | 4/7/2016 | $45.43 | $43.24 |
| 2/24/2016 | $42.07 | $40.71 | 4/8/2016 | $45.62 | $43.29 |
| 2/25/2016 | $43.06 | $40.87 | 4/11/2016 | $44.81 | $43.33 |
| 2/26/2016 | $44.41 | $41.11 | 4/12/2016 | $44.01 | $43.34 |
| 2/29/2016 | $45.65 | $41.39 | 4/13/2016 | $47.88 | $43.44 |
| 3/1/2016 | $48.60 | $41.82 | 4/14/2016 | $48.14 | $43.54 |
| 3/2/2016 | $44.19 | $41.95 | 4/15/2016 | $48.17 | $43.63 |
| 3/3/2016 | $43.12 | $42.01 | 4/18/2016 | $48.82 | $43.74 |
| 3/4/2016 | $42.75 | $42.05 | 4/19/2016 | $47.00 | $43.80 |
| 3/7/2016 | $44.32 | $42.16 | 4/20/2016 | $47.77 | $43.88 |
| 3/8/2016 | $43.64 | $42.22 | 4/21/2016 | $49.59 | $43.98 |
| 3/9/2016 | $42.68 | $42.24 | 4/22/2016 | $49.85 | $44.09 |
| 3/10/2016 | $42.80 | $42.27 | 4/25/2016 | $49.86 | $44.20 |
| 3/11/2016 | $44.97 | $42.37 | 4/26/2016 | $49.50 | $44.29 |
| 3/14/2016 | $43.81 | $42.43 | 4/27/2016 | $49.63 | $44.39 |
| 3/15/2016 | $42.55 | $42.43 | 4/28/2016 | $49.38 | $44.47 |
| 3/16/2016 | $43.67 | $42.48 | 4/29/2016 | $51.70 | $44.59 |
| 3/17/2016 | $43.22 | $42.50 | 5/2/2016 | $52.14 | $44.72 |
| 3/18/2016 | $44.03 | $42.56 | 5/3/2016 | $50.72 | $44.82 |
| 3/21/2016 | $43.62 | $42.59 | 5/4/2016 | $49.95 | $44.90 |

Damages Estimate:               $826.6 million

Estimate of Damaged Shares:     33.1 million shares

    1.     For each Class Period purchase or acquisition of Tableau Class A common stock that is properly documented, a "Recognized Loss Amount" will be calculated for each share according to the formulas described above. Such "Recognized Loss Amounts" will be aggregated across all purchases to determine the "Recognized Claim" for each Class Member.

    2.     The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of

- 8 -

the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

3. Based on the formulas presented above, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Tableau Class A common stock during the Class Period that is listed on the Proof of Claim and Release form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formulas above, that Recognized Loss Amount will be zero.[3]

A purchase, acquisition or sale of Tableau Class A common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase, acquisition and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Tableau Class A common stock during the Class Period shall not be deemed a purchase, acquisition or sale of Tableau Class A common stock for the calculation of a Claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such shares unless specifically provided in the instrument of gift or assignment. The receipt of Tableau Class A common stock during the Class Period in exchange for securities of any other corporation or entity, shall not be deemed a purchase, acquisition or sale of Tableau Class A common stock.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-profit charitable organization(s) unaffiliated with any party or their counsel serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release. If

---

[3]   Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts for Tableau Class A common stock are reduced to an appropriate extent by taking into account the closing prices of Tableau Class A common stock during the 90-day look-back period. The mean (average) closing price for Tableau Class A common stock during this 90-day look-back period was $44.90 per share as shown in Table-B.

you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, any Claims Administrator, any other Person designated by Lead Plaintiff's Counsel, or any of the Released Defendant Parties based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and submit a valid and timely Proof of Claim and Release shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Settlement, including the terms of any judgment entered and the releases given.

## DO I NEED TO CONTACT LEAD COUNSEL IN ORDER TO PARTICIPATE IN DISTRIBUTION OF THE SETTLEMENT FUND?

No. If you have received this Notice and timely submit your Proof of Claim and Release to the designated address, you need not contact Lead Counsel. If your address changes, please contact the Claims Administrator at:

*Tableau Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box 43398
Providence, RI 02940-3398
Telephone: 1-888-788-4733
www.TableauSecuritiesLitigation.com

## THERE WILL BE NO PAYMENTS IF THE STIPULATION IS TERMINATED

The Stipulation may be terminated under several circumstances outlined in it. If the Stipulation is terminated, the Litigation will proceed as if the Stipulation had not been entered into.

## WHAT ARE THE REASONS FOR SETTLEMENT?

The Settlement was reached after contested motion practice directed to the sufficiency of the allegations supporting Lead Plaintiff's claims. The parties also completed document, deposition, and expert discovery. Nevertheless, the Court has not reached any final decisions in connection with Lead Plaintiff's claims against Defendants. Instead, Lead Plaintiff and Defendants have agreed to this Settlement, which was reached with the substantial assistance of a highly respected mediator. In reaching the Settlement, the parties have avoided the cost, delay, and uncertainty of further litigation.

As in any litigation, Lead Plaintiff and the Class would face an uncertain outcome if they did not agree to the Settlement. If Lead Plaintiff succeeded at summary judgment or at trial, Defendants would likely file appeals that would postpone final resolution of the case. Continuation of the

Litigation against Defendants could result in a judgment greater than this Settlement.  Conversely, continuing the case could result in no recovery at all or a recovery that is less than the amount of the Settlement.

Lead Plaintiff and Lead Counsel believe that this Settlement is fair and reasonable to the Members of the Class.  They have reached this conclusion for several reasons.  Specifically, if the Settlement is approved, the Class will receive a certain and immediate monetary recovery. Additionally, Lead Counsel believes that the significant and immediate benefits of the Settlement, when weighed against the significant risk, delay and uncertainty of continued litigation, are a very favorable result for the Class.

Defendants are entering into this Settlement because it would be beneficial to avoid the burden, inconvenience, and expense associated with continuing the Litigation, and the uncertainty and risks inherent in such Litigation.  Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## WHO REPRESENTS THE CLASS?

The following attorneys are counsel for the Class:

Ellen Gusikoff Stewart
ROBBINS GELLER RUDMAN &
DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  800/449-4900

If you have any questions about the Litigation, or the Settlement, you are entitled to consult with Lead Counsel by contacting counsel at the phone number listed above.

You may obtain a copy of the Stipulation or the Proof of Claim and Release form by contacting the Claims Administrator at:

*Tableau Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box 43398
Providence, RI  02940-3398
Telephone:  1-888-788-4733
www.TableauSecuritiesLitigation.com

## HOW WILL THE LEAD PLAINTIFF'S LAWYERS BE PAID?

Lead Counsel will file a motion for an award of attorneys' fees and expenses that will be considered at the Settlement Hearing. Lead Counsel will apply for an attorneys' fee award on behalf of Lead Plaintiff's Counsel in an amount not to exceed 28% of the Settlement Fund, plus payment of Lead Plaintiff's Counsel's costs, charges and expenses incurred in connection with this Litigation in an amount not to exceed $1.5 million, plus interest earned on both amounts at the same rate as

- 11 -

earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and costs, charges and expenses requested will be the only payment to Lead Plaintiff's Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. The fees requested will compensate Lead Plaintiff's Counsel for their work in achieving the Settlement. The Court will decide what constitutes a reasonable fee award and may award less than the amount requested by Lead Plaintiff's Counsel.

## CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?

No. If you did not previously exclude yourself from the Class in connection with the Notice of Pendency of Class Action previously provided to the Class in June 2020, you remain a Class Member.

## CAN I OBJECT TO THE SETTLEMENT, THE REQUESTED ATTORNEYS' FEES, THE REQUESTED PAYMENT OF COSTS AND EXPENSES AND/OR THE PLAN OF ALLOCATION?

Yes. If you are a Class Member, you may object to the terms of the Settlement. Whether or not you object to the terms of the Settlement, you may also object to the requested attorneys' fees, costs, charges and expenses, and/or the Plan of Allocation. In order for any objection to be considered, you must file a written statement, accompanied by proof of Class membership, with the Court and send a copy to Lead Counsel and Defendants' Counsel, at the addresses listed below **by August 24, 2021**. The Court's address is Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007; Lead Counsel's address is Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, c/o Ellen Gusikoff Stewart; Defendants' Counsel's address is: Cooley LLP, 1700 Seventh Avenue, Suite 1900, Seattle, WA 98101, c/o Christopher B. Durbin, and Tableau Software, Inc., 1441 N 34 St., Suite 100, Seattle, WA 98103, c/o Keenan Conder. Attendance at the Settlement Hearing is not necessary; however, persons wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection their intention to appear at the hearing and identify any witnesses they may call to testify and exhibits, if any, they intend to introduce into evidence.

## WHAT ARE MY RIGHTS AND OBLIGATIONS UNDER THE SETTLEMENT?

If you are a Class Member and you did not previously exclude yourself from the Class in connection with the Notice of Pendency of Class Action previously provided to the Class in June 2020, you may receive the benefit of, and you will be bound by, the terms of the Settlement described in this Notice, upon approval by the Court.

## HOW CAN I GET A PAYMENT?

In order to qualify for a payment, you must timely complete and return the Proof of Claim and Release that accompanies this Notice. A Proof of Claim and Release is enclosed with this Notice and also may be downloaded at www.TableauSecuritiesLitigation.com. Read the instructions carefully; fill out the Proof of Claim and Release; sign it; and mail or submit it online so that it is

**postmarked (if mailed) or received (if submitted online) no later than August 24, 2021.** The Proof of Claim and Release may be submitted online at www.TableauSecuritiesLitigation.com. If you do not submit a timely Proof of Claim and Release with all of the required information, you will not receive a payment from the Settlement Fund; however, unless you expressly excluded yourself from the Class in connection with the Notice of Pendency of Class Action previously provided to the Class in June 2020, you will still be bound in all other respects by the Settlement, the Judgment, and the release contained in them.

## WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?

If the Settlement is approved by the Court, the Court will enter a Judgment. If the Judgment becomes final pursuant to the terms of the Stipulation, all Class Members shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Defendant Parties from all Released Claims, as set forth fully in ¶4.1 of the Stipulation.

- "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment matters, issues, claims (including "Unknown Claims," as defined below), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule, or regulation, whether class, derivative (other than derivative actions expressly excluded herein), and/or individual in nature, based on, arising out of, or in connection with: (i) the purchase and/or acquisition of Tableau publicly traded Class A common stock by any Class Member during the Class Period; and/or (ii) the facts, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations and/or omissions which were or could have been alleged in this Litigation. "Released Claims" does not include: (i) the shareholder derivative claims asserted in *In re Tableau Software, Inc. and Salesforce.com, Inc. Derivative Litigation*, Case No. 1:20-cv-00467-SB, and its consolidated member (Case No. 1:18-cv-01192-SB), pending in the United States District Court for the District of Delaware; (ii) ERISA claims; and (iii) claims to enforce the Settlement.

- "Related Parties" means any Person's former, present, or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, assigns, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

- "Released Defendant Parties" means each and all of the Defendants, Defendants' Counsel, and any of their Related Parties.

- "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Lead Plaintiff, the Class and Lead Plaintiff's Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class and Lead Plaintiff's Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiff, the Class and Lead Plaintiff's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

  > **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

  The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or

- 14 -

equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class and Lead Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## THE SETTLEMENT HEARING

The Court will hold a Settlement Hearing on September 14, 2021, at 2:30 p.m., before the Honorable John G. Koeltl at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, for the purpose of determining whether: (1) the Settlement as set forth in the Stipulation for $95,000,000.00 in cash should be approved by the Court as fair, reasonable and adequate; (2) Judgment as provided under the Stipulation should be entered; (3) to award Lead Plaintiff's Counsel attorneys' fees and expenses out of the Settlement Fund and, if so, in what amount; and (4) the Plan of Allocation should be approved by the Court. The Court may adjourn or continue the Settlement Hearing, or hold it via telephone or video conference, without further notice to Members of the Class.

In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the settlement website, www.TableauSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person, telephonic or video conference appearances at the hearing, including access information, will be posted to the website.

Any Class Member may appear at the Settlement Hearing and be heard on any of the foregoing matters; provided, however, that no such person shall be heard unless his, her, or its objection is made in writing and is filed together with proof of membership in the Class and with copies of all other papers and briefs to be submitted by him, her, or it to the Court at the Settlement Hearing with the Court no later than August 24, 2021, and with proof of service on the following counsel:

Ellen Gusikoff Stewart
ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

*Attorneys for Lead Plaintiff*

Christopher B. Durbin
COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA  98101

Keenan Conder
TABLEAU SOFTWARE, INC.
1441 N 34th St., Suite 100
Seattle, WA  98103

*Attorneys for Defendants*

Unless otherwise directed by the Court, any Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived all objections to this Settlement and shall be foreclosed from raising (in this or any other proceeding or on any appeal) any objection and any untimely objection shall be barred.

If you hire an attorney (at your own expense) to represent you for purposes of objecting, your attorney must serve a notice of appearance on counsel listed above and file it with the Court (at the address set out above) by no later than August 24, 2021.

## INJUNCTION

The Court has issued an order enjoining all Class Members from instituting, commencing, maintaining or prosecuting any action in any court or tribunal that asserts Released Claims against any Released Defendant Parties, pending final determination by the Court of whether the Settlement should be approved.

## HOW DO I OBTAIN ADDITIONAL INFORMATION?

This Notice contains only a summary of the terms of the proposed Settlement. The records in this Litigation may be examined and copied at any time during regular office hours, and subject to customary copying fees, at the Clerk of the United States District Court for the Southern District of New York. For a fee, all papers filed in this Litigation are available at www.pacer.gov. In addition, all of the Settlement documents, including the Stipulation, this Notice, the Proof of Claim and Release and proposed Judgment may be obtained by contacting the Claims Administrator at:

*Tableau Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box 43398
Providence, RI  02940-3398
Email: info@TableauSecuritiesLitigation.com
Telephone: 1-888-788-4733
www.TableauSecuritiesLitigation.com

- 16 -

In addition, you may contact Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1(800)449-4900, if you have any questions about the Litigation or the Settlement.

## DO NOT WRITE TO OR TELEPHONE THE COURT FOR INFORMATION

### SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

If you hold any Tableau Class A common stock purchased or acquired during the Class Period, as a nominee for a beneficial owner, then, within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*Tableau Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box 43398
Providence, RI 02940-3398
E-mail: info@TableauSecuritiesLitigation.com
Telephone: 1-888-788-4733
www.TableauSecuritiesLitigation.com

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: _____     BY ORDER OF THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

CARRIE SCHEUFELE, JEFFREY
SCHEUFELE and NICHOLAS ORAM,
Individually and on Behalf of All Others
Similarly Situated,

                              Plaintiffs,

    vs.

TABLEAU SOFTWARE, INC., CHRISTIAN
CHABOT, THOMAS WALKER, PATRICK
HANRAHAN and CHRISTOPHER STOLTE,

                        Defendants.

---------------------------------------------------------------- x

: Civil Action No. 1:17-cv-05753-JGK
:
: <u>CLASS ACTION</u>
:
: PROOF OF CLAIM AND RELEASE
:
: EXHIBIT 2

## I.   GENERAL INSTRUCTIONS

1.     To recover as a Member of the Class based on your claims in the action entitled *Scheufele, et al. v. Tableau Software, Inc., et al.*, Civil Action No. 1:17-cv-05753-JGK (S.D.N.Y.) (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form. If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.     Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.     **YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN AUGUST 24, 2021, ADDRESSED AS FOLLOWS:**

> *Tableau Securities Settlement*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 43398
> Providence, RI  02940-3398

> Online Submissions: www.TableauSecuritiesLitigation.com

4.     If you are NOT a Member of the Class, as defined in the Notice of Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim and Release or direct a third party to file one on your behalf.

5.     If you did not previously request exclusion in response to the Notice of Pendency of Class Action provided in June 2020, you are a Class Member and you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

II.     **CLAIMANT IDENTIFICATION**

If you purchased or acquired Tableau Software, Inc. ("Tableau") Class A common stock and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, you purchased Tableau Class A common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquiror of record ("nominee"), if different from the beneficial purchaser or acquirer of the Tableau Class A common stock, that forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE TABLEAU CLASS A COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees or others acting in a representative capacity on behalf of a Class Member must complete and sign this claim on behalf of persons represented by them, and submit evidence of their current authority to act on behalf of that Class Member, including stating their titles or capacities.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

III.    **CLAIM FORM**

Use Part II of this form entitled "Schedule of Transactions in Tableau Class A Common Stock" to supply all required details of your transaction(s) in Tableau Class A common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of Tableau Class A common stock which took place during the period February 5, 2015 through and including May 4, 2016, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the Tableau Class A common stock you held at the close of trading on February 4, 2015, February 4, 2016, and May 4, 2016. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Tableau Class A common stock. The date of a "short sale" is deemed to be the date of sale of Tableau Class A common stock.

For each transaction, copies of broker confirmations or other documentation of your transactions in Tableau Class A common stock should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. This is different from the online submission process that is available at www.TableauSecuritiesLitigation.com. All claimants *must* submit a manually signed paper Proof of Claim and Release form whether or not they also submit electronic copies. If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*Scheufele, et al. v. Tableau Software, Inc., et al.*

Civil Action No. 1:17-cv-05753-JGK

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked or Received No Later Than:**

**August 24, 2021**

<u>Please Type or Print</u>

PART I:       CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____          _____

City                                                   State or Province

_____          _____

Zip Code or Postal Code                    Country

_____       _____       Individual

Last Four Digits of Social Security Number or    _____       Corporation/Other

Entire Taxpayer Identification Number

_____       _____

Area Code                      Telephone Number (work)

_____       _____

Area Code                      Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

PART II:        SCHEDULE OF TRANSACTIONS IN TABLEAU CLASS A COMMON STOCK

A.     Number of shares of Tableau Class A common stock held at the close of trading on
February 4, 2015: _____

B.     Purchases or acquisitions of Tableau Class A common stock (February 5, 2015 –
May 4, 2016, inclusive):

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Total Purchase Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

**IMPORTANT: If any purchase listed covered a "short sale," please mark Yes:  Yes**

C.     Sales of Tableau Class A common stock (February 5, 2015 – May 4, 2016,
inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.     Number of shares of Tableau Class A common stock held at the close of trading on
February 4, 2016: _____

E.     Number of shares of Tableau Class A common stock held at the close of trading on
May 4, 2016: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and

print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

On behalf of myself (ourselves) and each of my (our) heirs, agents, executors, trustees, administrators, predecessors, successors and assigns, I (we) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Tableau securities) if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of Tableau Class A common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V.    RELEASE

1.    Upon the Effective Date of the Settlement, I (we) acknowledge full and complete satisfaction of, and fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Defendant Parties," defined as each and all of the Defendants, Defendants' Counsel, and any of their Related Parties, as set forth fully in ¶4.1 of the Stipulation of Settlement. "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of their respective present and former employees,

members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

2.  "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment matters, issues, claims (including "Unknown Claims," as defined below), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule, or regulation, whether class, derivative (other than derivative actions expressly excluded herein), and/or individual in nature, based on, arising out of, or in connection with: (i) the purchase and/or acquisition of Tableau publicly traded Class A common stock by any Class Member during the Class Period; and/or (ii) the facts, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations and/or omissions which were or could have been alleged in this Litigation. "Released Claims" does not include: (i) the shareholder derivative claims asserted in *In re Tableau Software, Inc. and Salesforce.com, Inc. Derivative Litigation*, Case No. 1:20-cv-00467-SB, and its consolidated member (Case No. 1:18-cv-01192-SB), pending in the United States District Court for the District of Delaware; (ii) ERISA claims; and (iii) claims to enforce the Settlement.

3. "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Lead Plaintiff, the Class and Lead Plaintiff's Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class and Lead Plaintiff's Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiff, the Class and Lead Plaintiff's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or

different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class and Lead Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties

shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

4.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.     I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Tableau Class A common stock which are the subject of this claim, which occurred during the Class Period, as well as the opening and closing positions in such shares held by me (us) on the dates requested in this claim form.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim and Release by the undersigned is true and correct.

Executed this _____ day of _____, in _____,
                             (Month/Year)                  (City)

_____.
     (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer, Executor
or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim and Release or supporting documentation.

**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED ONLINE OR
MAILED NO LATER THAN AUGUST 24, 2021, ADDRESSED AS FOLLOWS:**

*Tableau Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43398
Providence, RI  02940-3398
www.TableauSecuritiesLitigation.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
CARRIE SCHEUFELE, JEFFREY          :   Civil Action No. 1:17-cv-05753-JGK
SCHEUFELE and NICHOLAS ORAM,       :
Individually and on Behalf of All Others   :   CLASS ACTION
Similarly Situated,                :
                                   :   SUMMARY NOTICE OF PROPOSED
                 Plaintiffs,       :   SETTLEMENT OF CLASS ACTION
                                   :
                                   :   EXHIBIT 3
      vs.                          :
                                   :
TABLEAU SOFTWARE, INC., CHRISTIAN  :
CHABOT, THOMAS WALKER, PATRICK     :
HANRAHAN and CHRISTOPHER STOLTE,   :
                                   :
                 Defendants.       :
———————————————————— x

**TO:     ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED TABLEAU SOFTWARE, INC. ("TABLEAU") CLASS A COMMON STOCK DURING THE PERIOD BETWEEN FEBRUARY 5, 2015 AND FEBRUARY 4, 2016, INCLUSIVE ("CLASS" OR "CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.   IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on September 14, 2021, at 2:30 p.m., before the Honorable John G. Koeltl at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY, 10007 to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned Litigation as set forth in the Stipulation of Settlement dated April 16, 2021 ("Stipulation")[1] for $95,000,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (3) to award Lead Plaintiff's Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Proposed Settlement of Class Action ("Notice"), which is discussed below) and, if so, in what amount; and (4) the Plan of Allocation should be approved by the Court as fair, reasonable and adequate.

The Coronavirus (COVID-19) is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or videoconference, without further written notice to the Class.  In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video conference, it is important that you monitor the Court's docket and the Settlement website, www.TableauSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing.

---

[1]     The Stipulation can be viewed and/or obtained at www.TableauSecuritiesLitigation.com.

- 1 -

Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person, telephonic or videoconference appearances at the hearing, will also be posted to the Settlement website, www.TableauSecuritiesLitigation.com. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or videoconference, the phone number for accessing the telephonic conference or the website for accessing the videoconference will be posted to the Settlement website, www.TableauSecuritiesLitigation.com.

IF YOU PURCHASED OR ACQUIRED TABLEAU CLASS A COMMON STOCK FROM FEBRUARY 5, 2015 THROUGH FEBRUARY 4, 2016, INCLUSIVE, YOUR RIGHTS ARE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form by mail **(postmarked no later than August 24, 2021)** or electronically **(no later than August 24, 2021)**. Your failure to submit your Proof of Claim and Release by August 24, 2021 will subject your claim to rejection and preclude you from receiving any recovery in connection with the Settlement of this Litigation. If you purchased or acquired Tableau Class A common stock from February 5, 2015 through February 4, 2016, inclusive, and did not previously request exclusion from the Class in response to the Notice of Pendency of Class Action provided in June 2020, you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim and Release.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a Proof of Claim and Release, you may obtain these documents, as well as a copy of the Stipulation (which,

among other things, contains definitions for the defined terms used in this Summary Notice) and

other Settlement documents, online at www.TableauSecuritiesLitigation.com, or by writing to:

*Tableau Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box 43398
Providence, RI  02940-3398
1-888-788-4733

Inquiries should NOT be directed to Tableau, the other Defendants, Defendants' Counsel, the

Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim and Release, may be

made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 800/449-4900

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE

SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD PLAINTIFF'S

COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 28% OF THE

$95,000,000 SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $1,500,000, PLUS

INTEREST EARNED ON BOTH AMOUNTS AT THE SAME RATE AS EARNED BY THE

SETTLEMENT FUND.  ANY OBJECTIONS MUST BE FILED WITH THE COURT AND

RECEIVED BY LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY AUGUST 24, 2021** IN

THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: _____        BY ORDER OF THE COURT
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF NEW YORK