UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

CARRIE SCHEUFELE, JEFFREY :   Civil Action No. 1:17-cv-05753-JGK
SCHEUFELE and NICHOLAS ORAM, :
Individually and on Behalf of All Others :   CLASS ACTION
Similarly Situated, :
                :   [PROPOSED] FINAL JUDGMENT
             Plaintiffs, :
  :
   vs. :
  :
TABLEAU SOFTWARE, INC., CHRISTIAN :
CHABOT, THOMAS WALKER, PATRICK :
HANRAHAN and CHRISTOPHER STOLTE, :
  :
             Defendants. :
  :

———————————————————————— x

## COURTESY COPY

*17th*

WHEREAS, on the ~~14th~~ day of September, 2021, this Court held a hearing to determine: (1) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation of Settlement dated April 16, 2021 (the "Stipulation") is fair, reasonable, and adequate to the Class and should be approved by the Court; (2) whether a Judgment, as provided in ¶1.14 of the Stipulation, should be entered; (3) whether the proposed Plan of Allocation should be approved; and (4) whether and in what amount to award Lead Plaintiffs' Counsel fees and costs, charges, and expenses;

WHEREAS, the Court has considered all matters submitted to it at the hearing and otherwise;

WHEREAS, it appears that a notice of the hearing substantially in the form approved by the Court on May 7, 2021 (the "Notice") was provided to all individuals and entities, reasonably identifiable, who purchased or otherwise acquired Tableau Class A common stock between February 5, 2015 and February 4, 2016, inclusive, as shown by the records compiled by the Claims Administrator in connection with its providing of the Notice, at the respective addresses set forth in such records, and that a Summary Notice of the hearing substantially in the form approved by the Court on May 7, 2021 was published pursuant to the Order Granting Preliminary Approval Pursuant to Fed. R. Civ. P. 23(e)(1) and Permitting Notice to the Class ("Preliminary Approval Order") as set forth in the Declaration of Ross D. Murray, and the Supplemental Declaration of Ross D. Murray;

WHEREAS, the Court has considered and determined the fairness and reasonableness of the award of attorneys' fees and costs, charges and expenses requested by Lead Plaintiff's Counsel; and

WHEREAS, all capitalized terms not otherwise defined herein having the meanings set forth and defined in the Stipulation.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.     This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

2.     Excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requested exclusion in accordance with the requirements set by the Court in connection with the Notice of Pendency of Class Action provided in June 2020, as identified in Exhibit A hereto.

3.     Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)     in light of the benefits to the Class and the complexity and expense of further litigation, the Stipulation and the Settlement described therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b)     Lead Plaintiff and Lead Plaintiff's Counsel have adequately represented the Class;

(c)     there was no collusion in connection with the Stipulation;

(d)     the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel;

(e)     the relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' Claims, (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(2);

(f)     the proposed Plan of Allocation treats Class Members equitably relative to each other; and

(g)    the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

4.    Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class (identified in Exhibit A attached hereto), the Court hereby dismisses the Litigation and all Released Claims with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

5.    The releases as set forth in ¶¶4.1-4.3 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶1.1-1.34 relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

6.    Upon the Effective Date, and as provided in ¶4.1 of the Stipulation, Lead Plaintiff shall, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Claims (including Unknown Claims) against each and every one of the Released Defendant Parties, and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, or administrative forum any and all of the Released Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund. Lead Plaintiff and each Releasing Plaintiff Party are bound by this Judgment, including, without limitation, the release of claims as set forth in ¶4.1 of the Stipulation. The Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the

Released Defendant Parties on the merits and with prejudice by virtue of the proceedings herein and this Judgment. Released Claims does not include: (i) the shareholder derivative claims asserted in *In re Tableau Software, Inc. and Salesforce.com, Inc. Derivative Litigation*, Case No. 1:20-cv-00467-SB, and its consolidated member (Case No. 1:18-cv-01192-SB), pending in the United States District Court for the District of Delaware; (ii) ERISA claims; and (iii) claims to enforce the Settlement. Nothing in the Stipulation or this Judgment shall be construed as limiting, modifying, or otherwise affecting any insurance coverage or policies that may be available to any of the Released Defendant Parties.

7.      Upon the Effective Date, and as provided in ¶4.3 of the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Lead Plaintiff, the Class, and Lead Plaintiff's Counsel. Claims to enforce the terms of the Stipulation are not released.

8.      The Notice of Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual Notice to all Members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the requirements of due process, and any other applicable law. No Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Class Members to object to

the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Members of the Class are bound by this Judgment.

9.   Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Separate orders shall be entered regarding approval of the Plan of Allocation and Lead Plaintiff's Counsel's application for an award of attorneys' fees and expenses.

10.   Any appeal or any challenge affecting the approval of (a) the Plan of Allocation submitted by Lead Counsel and/or (b) this Court's approval regarding any attorneys' fee and expense applications shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective Date of the Settlement.

11.   Neither this Judgment, the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any liability, negligence, fault, or other wrongdoing of the Released Defendant Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of the Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Released Defendant Parties may file the Stipulation and/or the Judgment from this Litigation in any other action in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release,

good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.    The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid $95,000,000.00 to the Settlement Fund, in accordance with ¶2.2 of the Stipulation.

13.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over Defendants, Lead Plaintiff, and Class Members for all matters relating to the administration, interpretation, effectuation, or enforcement of the Stipulation and this Judgment, including administering and distributing Settlement proceeds to the Members of the Class.

14.    The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence or reflected in any action or proceeding by any person or entity.  In such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of March 18, 2021, as provided in the Stipulation.

16.    The Settling Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing amendments, modifications, and expansions of the Stipulation, provided that such amendments, modifications, and expansions of the Stipulation are not

materially inconsistent with this Judgment, and do not materially limit the rights of the Members of the Class under the Stipulation.

17.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     This Litigation and all Released Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise agreed to in writing by the Settling Parties or as otherwise provided in the Stipulation or this Judgment.

19.     The Court has considered the objection to the Settlement filed by Mark Martin, and finds that it is without merit. It is therefore overruled in its entirety.

20.     There is no reason for delay in the entry of this Judgment and the Court expressly directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: 9/17/21

_____
THE HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

# EXHIBIT A



# Exclusion Cover Page

**Case Name:** Tableau Software, Inc. Securities Litigation

**Case Code:** TUU

**Exclusion Deadline:** July 21, 2020 (Postmarked *Date)*

**Name of Person Filing Exclusion:** Todd and Stacey Bailey

To whom it may concern,

Please exclude me from this Litigation with Tableau
Securities set forth:

July 7,2020, (25) shares of Tableau Class A common
stock.

Todd Darrin Bailey

Thank you,

*Todd Darrin Bailey*
7/7/2020



Stacey & Todd Bailey

TUU

Tableau Securities Litigation
Notice Administrator
c/o Gilardi & Co. LLC
151 Royall St. Suite
101 Royall St, Suite
Canton, MA 02021

02021-105425



RECEIVED
JUL 1 4 2020
By



*TUU-EXCL00002*

# Exclusion Cover Page

Case Name: Tableau Software, Inc. Securities Litigation

Case Code: TUU

Exclusion Deadline: July 21, 2020 (Postmarked *Date)*

Name of Person Filing Exclusion: Vera Gina W Agold Krause

Request for exclusion
I am
Gina Winkler Agold
(aka Gina W. Agold
+
Vera Gina W. Agold Krause)

I have no memory of this
common stock purchase.
I wish to be excluded from the
Certified Class + not be bound
by any judgment in this Litigation
+ not entitled to share in
any recovery that may result
from it.

Thank you,

Vera Gina W. Agold Krause



Full

Tableau Securities Litigation
Notice Administrator
c/o Gilardi + Co. LLC
150 Royall Street, Suite 101
Canton, MA 02021

02021-105425

Received

JUL 2 4 2020



*TUU-EXCL00003*

# Exclusion Cover Page

Case Name: Tableau Software, Inc. Securities Litigation

Case Code: TUU

Exclusion Deadline: July 21, 2020 (Postmarked *Date)*

Name of Person Filing Exclusion: Larry Townsend

Tableau Securities Litigation                                July 13, 2020
Notice Administrator
Providence, RI 02940-3398

## COVER LETTER

## Tableau Securities Litigation

### Attn:

Please remove my name from any future settlement with Tableau Securities.
Although I am not sure who might be reading this information and having been
involved in several legal securities issues over the last couple of years I find this a
complete waste of my time and energy.

I understand I will not be bound by any in this litigation and in fact I would like to
state that any other information about this litigation I will consider harassment
and will file a "cease and desist" order if I do receive any other information.

I wish the people filing this suit the best of luck but do me a favor and don't
bother me with anymore of this so call legal bull shit that never goes anywhere.

Regards,

Larry Townsend

Ph #
E-mail

**Purchase date was:    7-16-1015   (120 shares)**



15 JUL 2020 PM 2 L   FOREVER USA

Tableau Securities Litigation
Notice Administrator
c/o Gilardi & Co. LLC
150 Royal St. Suite 101
Canton, MA 02021

02021-103199

Received
JUL 23 2020



*TUU-EXCL00004*

# Exclusion Cover Page

Case Name: Tableau Software, Inc. Securities Litigation

Case Code: TUU

Exclusion Deadline: July 21, 2020 (Postmarked *Date)*

Name of Person Filing Exclusion: Alexander Winslow

July 21, 2020

To whom it may concern of the Tableau Securities Litigation group,

I received a letter from the United States District Court of the Southern District of New York advising me of the existence of a class action lawsuit against Tableau Software Inc (Civil Action No. 1:17-cv-05753-JGK). I am writing to express my desire to be excluded from the Class.

The information requested in the letter is as follows:

1. Alexander Strohm Winslow
2. ███████████████████████
3. Transaction Details
   a. 16 shares purchased on October 22, 2015
      i. Cost Basis $87.9881 per share; $1407.81 total
   b. Sandra Niemann of Stifel Nichols was the Financial Advisor who completed the transaction

Please remove me from the Class. Thank you.

Sincerely,

Alexander Winslow

*[signature]*
July 21, 2020



RECEIVED
JUL 29 2020
By

Tableau Securities Litigation
Notice Administrator
c/o Gilardi & Co. LLC
150 Royall Street, Suite 101
Canton, MA 02021

USPS
JUL 21 2020